IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. **PJM 12-623** |
| **KENNETH WAYNE WATFORD** | |
| Defendant. | |

## MEMORANDUM OPINION

Kenneth Wayne Watford has filed two Motions for a New Trial pursuant to Fed. R. Crim. P. 33, ECF Nos. 312, 316, as well was a Motion to Correct Sentence, ECF No. 320, citing (erroneously) Fed R. Crim. P. 52(b). For the following reasons, the Court will **DENY** these Motions.

### I. Factual and Procedural Background

Between approximately May 2012 and October 2012, Watford, his co-Defendant Juan Carlos Willis, and conspirators known and unknown, executed a scheme to obtain property and money by means of false and fraudulent pretenses from several car dealerships in suburban Maryland: BMW of Silver Spring, Capitol Cadillac, Mercedes-Benz of Silver Spring, BMW Financial, TD Auto, Mercedes Financial, among others.

Their modus operandi was as follows:

Willis and Watford would obtain identification information from people around the United States and use that information to obtain false identification documents containing the victims' information but substituting the conspirators' pictures. Willis and Watford would then use the

1

stolen information to portray the victims as individuals having an association with business entities under the conspirators' control. Watford *et al.* would then visit automobile dealerships in the metropolitan D.C. area, and using the stolen and altered information and documents, would apply for and obtain financing to purchase luxury vehicles. Watford *et al.* would then purchase the luxury vehicles.

Watford was charged in a Third Superseding Indictment with thirteen Counts, including Wire Fraud, Conspiracy to Commit Wire Fraud, and Aggravated Identity Theft. ECF No. 164. A jury found him guilty of twelve of the Counts and not guilty of one. ECF No. 220. On October 15, 2015, the Court sentenced Watford to a total of 135 months imprisonment, followed by 5 years supervised release. ECF No. 262. Watford appealed his conviction and sentence, which the Fourth Circuit affirmed on May 19, 2017. ECF No. 307.[1]

On April 13, 2018, Watford mailed the Court a Motion for a New Trial. ECF No. 312. The motion was received by the Court and deemed filed on April 20, 2018. The Government filed a Response on May 10, 2018. ECF No. 314.

In between, on April 22, 2018, Watford, without the Court's leave, submitted an additional Motion for a New Trial, claiming it was an amendment to the original Motion. ECF No. 316. The Government filed a Response to the April 22 Motion on June 11, 2018. ECF No. 318. Watford sent the Court a Reply on June 27, 2018. ECF No. 319.

On October 1, 2018, the Court received Watford's Motion to Correct Sentence. ECF No. 320. The Government filed its Opposition to the Motion on October 12, 2018, ECF No. 321, and the Court received Watford's Reply on October 29, 2018. ECF No. 325.

---

[1] On October 15, 2018, Watford appealed the judgment and sentence in his criminal case for a second time. ECF No. 322. The Fourth Circuit denied this second appeal as duplicative on February 26, 2019. ECF No. 329.

## II. Motion for New Trial

Watford argues that he is entitled to a new trial because (a) the Court erred in denying a motion for acquittal made at the close of evidence, (b) the jury verdict was not substantially supported by and was contrary to the weight of the evidence, (c) the Court erred in admitting certain trial testimony, (d) the Court erred in sustaining certain objections at trial, and (e) the prosecution repeatedly entered knowingly false evidence that Watford had prior convictions and that Watford had used his business identity in the course of committing fraud. ECF No. 312. Watford also claims that the Government committed a *Brady* violation by withholding a potentially exculpatory memorandum of an interview that Montgomery County police conducted with co-Defendant Juan Willis and co-conspirator Flinton Newton in which Newton allegedly confessed to the fraudulent car-purchasing scheme. ECF No. 316 at 2. The Government's response is that, regardless of the veracity of Watford's claims, his motion is barred by limitations. ECF Nos. 314, 318. The Court agrees with the Government.

A motion for trial on any grounds besides the discovery of new evidence "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2); *see also United States v. Blackwell*, 436 Fed. App'x 192, 197–98 (4th Cir. 2011) (discussing the statutes of limitations for a Rule 33 Motion). If the defendant's motion is based upon the discovery of new evidence, it must be filed within three years "after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1).

A jury found Watford guilty on April 16, 2015. ECF No. 220. His first Motion for New Trial, dated April 13, 2018, ECF No. 312, cites only purported violations that occurred during his trial and does not mention any newly-discovered evidence as grounds for a new trial. Accordingly, his Motion, filed approximately three years following his verdict, falls well outside the fourteen-

day limitations period after he was found guilty. While Watford's second Motion for New Trial, ECF No. 316, purports to offer newly-discovered evidence to justify a new trial, the Motion is dated April 22, 2018, more than three years after the guilty verdict in the underlying trial, well beyond the three-year limitations period for such a filing. *See United States v. Gattis*, 342 Fed. App'x 879, 879–880 (4th Cir. 2009) (holding that motion for new trial based on newly-discovered evidence was untimely when defendant was found guilty in 2003 and filed the motion in 2008).

Because both of Watford's Motions for New Trial are decidedly untimely, the Court will **DENY** them.

### III. Motion to Correct Sentence

Watford argues that the Government miscalculated his criminal history and offense level under the Sentencing Guidelines, as a result of which the Court imposed an excessive term of imprisonment. ECF No. 320. The Government argues that Watford's Motion is barred by the statute of limitations. ECF No. 321. Again, the Government carries the day.

While Watford has filed his Motion pursuant to Federal Rule of Criminal Procedure 52(b), that Rule merely defines the terms "harmless error" and "plain error." The relevant rule for seeking correction of a sentence on the grounds of clear error is Rule 35, which permits a district court to correct a sentence for clear error "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a). Per that rule, if a defendant files a motion to correct sentence on the grounds of clear error more than fourteen days after sentencing, the district court lacks jurisdiction to consider it. *See, e.g., United States v. Floyd*, 711 Fed. App'x 558, 561 (11th Cir. 2017); *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015); *United States v. Pletnyov*, 47 F. Supp. 3d 76, 79 (D.D.C. 2014).

The Court sentenced Watford on October 15, 2015. He had fourteen days thereafter to file his motion to correct for clear error. Clearly, his Motion to Correct Sentence, ECF No. 320, dated

day limitations period after he was found guilty. While Watford's second Motion for New Trial, ECF No. 316, purports to offer newly-discovered evidence to justify a new trial, the Motion is dated April 22, 2018, more than three years after the guilty verdict in the underlying trial, well beyond the three-year limitations period for such a filing. *See United States v. Gattis*, 342 Fed. App'x 879, 879–880 (4th Cir. 2009) (holding that motion for new trial based on newly-discovered evidence was untimely when defendant was found guilty in 2003 and filed the motion in 2008).

Because both of Watford's Motions for New Trial are decidedly untimely, the Court will **DENY** them.

### III. Motion to Correct Sentence

Watford argues that the Government miscalculated his criminal history and offense level under the Sentencing Guidelines, as a result of which the Court imposed an excessive term of imprisonment. ECF No. 320. The Government argues that Watford's Motion is barred by the statute of limitations. ECF No. 321. Again, the Government carries the day.

While Watford has filed his Motion pursuant to Federal Rule of Criminal Procedure 52(b), that Rule merely defines the terms "harmless error" and "plain error." The relevant rule for seeking correction of a sentence on the grounds of clear error is Rule 35, which permits a district court to correct a sentence for clear error "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a). Per that rule, if a defendant files a motion to correct sentence on the grounds of clear error more than fourteen days after sentencing, the district court lacks jurisdiction to consider it. *See, e.g., United States v. Floyd*, 711 Fed. App'x 558, 561 (11th Cir. 2017); *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015); *United States v. Pletnyov*, 47 F. Supp. 3d 76, 79 (D.D.C. 2014).

The Court sentenced Watford on October 15, 2015. He had fourteen days thereafter to file his motion to correct for clear error. Clearly, his Motion to Correct Sentence, ECF No. 320, dated

September 24, 2018, and which the Court received on October 1, 2018, some three years post-sentence, is untimely. The Court will **DENY** Watford's Motion to Correct Sentence.

## IV. Conclusion

For the foregoing reasons, Watford's Motions for New Trial, ECF Nos. 312, 316, and Watford's Motion to Correct Sentence, ECF No. 320, are **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**May 16, 2019**

5