IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

KENNETH WAYNE WATFORD

Petitioner-Defendant.

Crim No. **12-cr-00623-PJM-3**

**MEMORANDUM OPINION**

Kenneth Wayne Watford has filed a Motion for Resentencing under 28 U.S.C. § 2255. ECF Nos. 423. No hearing is necessary. *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motion.

**I. Background**

On April 16, 2015, Watford was found guilty of twelves counts relating to a scheme to fraudulently obtain luxury vehicles from automobile dealerships in Maryland. ECF No. 220. He is currently serving a sentence of 135 months imprisonment, to be followed by 5 years supervised release. ECF No. 265. On May 19, 2017, Watford's sentence and conviction were affirmed by the Fourth Circuit. ECF No. 307. Since his conviction, Watford has filed numerous motions, including, on August 16, 2019, a Motion to Vacate under 28 U.S.C. § 2255, ECF No. 355, requesting this Court modify its judgement. On April 13, 2022, Watford filed another 2255 motion, this time a Motion for Resentencing, raising issues that this Court has already rejected. ECF No. 423.

**II. Legal Standard**

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of

the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255). The petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *United States v. Wilson*, No. CR TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)).

Under 28 U.S.C. § 2255(b), the court must hold a hearing on the motion for resentencing, "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . ." *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings. Here, no hearing is necessary because it is clear that Watford is not entitled to relief.

### III. Discussion

A defendant must obtain certification from a "panel of the appropriate court of appeals" before filing a "second or successive" 2255 motion. 28 U.S.C. § 2255(h); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). Without the requisite pre-filing authorization from the Fourth Circuit, the appropriate court of appeals in this case, the "district court lacks jurisdiction to consider" a second or successive 2255 motion. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

On August 16, 2019, Weaver filed a 2255 Motion to Vacate, arguing, as he does once again in the current motion before the Court, that the Court erroneously scored his criminal history and

enhanced his sentence. ECF No. 355. The Court denied Weaver's motion on February 17, 2021, finding the motion was "untimely, beyond the scope of available relief, and duplicative." ECF No. 408. Since the denial of his first 2255 motion, Weaver has not obtained certification from the Fourth Circuit to file a second or successive motion as statutorily required. *See* 28 U.S.C. § 2255(h). For that reason, Watford's most recent 2255 motion is **DENIED**.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The Court has considered the record and finds that Watford has not made the requisite showing.

## V. Conclusion

For the foregoing reasons, Watford's Motion to Vacate (ECF No. 423) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE.**

Date: October ___, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE