IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> KENNETH WAYNE WATFORD, ) <br> ) <br> Defendant. ) <br> ) | Criminal Action No. 12-cr-623-3-LKG <br><br> February, 21, 2025 |

**MEMORANDUM OPINION AND ORDER ON
<u>THE DEFENDANT'S POST-CONVICTION MOTIONS</u>**

**I.   INTRODUCTION**

Defendant *pro se*, Kenneth Wayne Watford, has filed the following six post-conviction motions in the above-captioned criminal matter: (1) a motion to dismiss supervised release violation (ECF No. 465), (2) a motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 489); (3) a petition for habeas corpus, pursuant to 28 U.S.C. § 2241 (ECF No. 490); (4) an emergency motion for bail pending appeal, pursuant to 18 U.S.C. § 3143(b) (ECF No. 495); (5) a related motion to compel the Probation Office to update his presentence report (ECF No. 498); and (6) a motion for a new revocation hearing (ECF No. 497). For the reasons that follow, the Court: (1) **DENIES** Mr. Watford's motion to dismiss (ECF No. 465); (2) **DENIES WITHOUT PREJUDICE** Mr. Watford's motion to vacate sentence (ECF No. 489), (3) **DENIES WITHOUT PREJUDICE** Mr. Watford's petition for habeas corpus (ECF No. 490); (4) **DENIES** Mr. Watford's emergency motion for bail pending appeal, (5) **DISSMISSES-as-MOOT** Mr. Watford's motion to compel, and (6) **DENIES** Mr. Watford's motion for a new revocation hearing (ECF No. 497).

**II.   BACKGROUND AND PROCEDURAL HISTORY**

In April 2015, the Defendant, Kenneth Wayne Watford, was convicted of four counts of wire fraud, two counts of aggravated identity theft, credit card fraud and attempted credit card fraud while on release, two counts of commission of aggravated identity theft while on release, and attempted credit card fraud following a jury trial. ECF Nos. 227, 265. The case involved

an alleged fraud scheme, whereby Mr. Watford bought luxury vehicles using other peoples' credit. ECF Nos. 220, 227.

The Court sentenced Mr. Watford to 135 months' imprisonment, to be followed by a five-year term of supervised release. ECF No. 265. One of the statutory conditions of Mr. Watford's supervised released is that he "not commit another federal, state or local crime." *Id.* at 5.

### The Defendant's Supervised Release

Mr. Watford's s supervision commenced when he was released from custody on December 30, 2022. *See* ECF No. 450. Upon his release, Mr. Watford mailed a letter dated February 17, 2023 to Becky Hogan, who is a realtor with whom Mr. Watford had previously attempted fraudulently to purchase a home in August 2015. *See* ECF No. 467.

In the letter, Mr. Watford demanded that Ms. Hogan pay him $321,700 for an alleged breach of contract and conversion of funds. *Id.* Ms. Hogan sent a letter in response to Mr. Watford in which she recited the facts of the abandoned transaction, labeled his attempt as one of extortion and fraud, and demanded that Mr. Watford not contact her or her company again. *See* ECF No. 457. Ms. Hogan also forwarded a copy of her letter to the Maryland Office of the Attorney General, which in turn forwarded the to the United States Attorney's Office for the District of Maryland. *Id*.

On April 26, 2023, Mr. Watford had a lien affidavit notarized, which purports to constitute a security document that he would file against Ms. Hogan, and he mailed the lien affidavit to Ms. Hogan. *Id*. Mr. Watford also submitted a fraudulent claim against Ms. Hogan with the Maryland Department of Labor and a false claim for damages against the Commission's Guaranty Fund. *Id.*

### The Violation Report

On December 13, 2023, the Probation Office for this District issued a Violation Report and filed a Petition on Supervised Release regarding Mr. Watford alleging, in part, that Mr. Watford violated the condition of his supervised release requiring that he "shall not commit any federal, state or local crime." ECF No. 450. In the petition, Probation alleged that, "[o]n February 17, 2023, [Mr. Watford] knowingly and willfully participated in the scheme or artifice

2

to defraud, with knowledge of its fraudulent nature and with specific intent to defraud by attempting to collect a debt on a fake treasury document," based upon the facts regarding Mr. Watford's correspondence with Ms. Hogan. *Id.*

The Court held a violation on supervised release report hearing on May 14, 2024. ECF No. 462. During the hearing, Mr. Watford was represented by counsel. *Id.* During the hearing, the Government also presented evidence regarding Mr. Watford's alleged mail fraud, through the testimony of Ms. Hogan and several exhibits. *See* ECF Nos. 467, 469. At the conclusion of the hearing, the Court found Mr. Watford guilty of violating Statutory Condition #1 of his supervised release, because he violated the condition that he not commit any federal, state, or local crime. ECF No. 467 at 44; ECF No. 463.[1] During the subsequent sentencing hearing held on October 1 and 8, 2024, the Court sentenced Mr. Watford to 12 months imprisonment—a sentence that falls within the advisory Sentencing Guidelines range—to be followed by four years of supervised release. ECF No. 474; *see also* ECF No. 482.

Thereafter, Mr. Watford filed three separate notices of appeal before the United States Court of Appeals for the Fourth Circuit. *Watford v. United States*, Nos. 24-1953, 24-2108, and 24-4548. Mr. Watford is represented by counsel in case number No. 24-4548 (4th Cir. 2024), while his two related appeals were filed *pro se*. *See* ECF No. 478, 480.

Mr. Watford has also filed several motions *pro se* before this Court. Notably, Mr. Watford's first post-conviction motion filed on November 12, 2024, is a motion to vacate upon the grounds that he has been denied the right to allocution. ECF No. 489. Because the Court could not determine whether exceptional circumstances existed to consider the motion during the pendency of Mr. Watford's direct appeal, the Court ordered Mr. Watford to supplement his motion with more information. ECF No. 492. Mr. Watford responded to the Court's Order by requesting the motion to vacate be held in abeyance until his above-referenced motion to dismiss had been decided. ECF No. 495.

---

[1] On September 25, 2024, Mr. Watford filed a belated motion to dismiss the petition on supervised release. ECF No. 465.

Lastly, Mr. Watford has also filed: (1) a motion styled as a petition for writ of habeas corpus (ECF No. 490); (2) an emergency motion for bail pending appeal (ECF No. 494); (3) a motion for new revocation hearing (ECF No. 497); and (4) a motion to compel Probation to amend his pre-sentence report (ECF No. 498).

### III. STANDARDS OF DECISION

#### A. Section 2255

Pursuant to title 28, United States Code, section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A 1-year period of limitation shall apply to a motion under this section, which shall run from the latest of either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2255 (f).

Absent extraordinary circumstances, a district court is, however, precluded from considering § 2255 motion while review of a defendant's direct appeal remains pending. *See Bowen v. Johnston*, 306 U.S. 19, 26–27 (1939); *United States v. Gordon*, 634 F.2d 638, 638–39 (1st Cir. 1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970). In this regard, Courts have found extraordinary circumstances: (1) when a conflict exists between "state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions," *Bowen*, 306 U.S. at 27; (2) when the Government is unable to support critical factual representations it has made on the record, *see United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981); and/or (3) when ineffective assistance of counsel can only be placed by way of a § 2255 motion,

4

because the ineffectiveness is discovered during the pendency of the appeal, after the time for the new trial has lapsed. *See United States v. Tindle*, 522 F.2d 689, 693 (D.C. Cir. 1975).

### B. Section 3143(b)

Pursuant to 18 U.S.C. § 3143(b), a defendant sentenced to imprisonment and who has filed an appeal "shall" be detained unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A)–(B).

### C. Fed. R. Crim. P. 25

Lastly, Rule 25 of the Federal Rules of Criminal Procedure 25 provides, in relevant part, that:

> (b) After a Verdict or Finding of Guilty.
>
> (1) In General. After a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability.
>
> (2) Granting a New Trial. The successor judge may grant a new trial if satisfied that:
>
> > (A) a judge other than the one who presided at the trial cannot perform the post-trial duties; or
> > (B) a new trial is necessary for some other reason.

Fed. R. Crim. P. 25(b).

### IV.       ANALYSIS

The Defendant has filed: (1) a motion to dismiss supervised release violation (ECF No. 465), (2) a motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 489); (3) a petition for habeas corpus, pursuant to 28 U.S.C. § 2241 (ECF No. 490); (4) an emergency motion for bail pending appeal, pursuant to 18 U.S.C. § 3143(b) (ECF No. 495); (5) a related motion to compel the Probation Office to update his presentence report (ECF No. 498); and (6) a motion for a new revocation hearing (ECF No. 497). For the reasons that follow, the Court: (1) **DENIES** Mr. Watford's motion to dismiss (ECF No. 465); (2) **DENIES WITHOUT PREJUDICE** Mr. Watford's motion to vacate sentence (ECF No. 489), (3) **DENIES WITHOUT PREJUDICE** Mr. Watford's petition for habeas corpus (ECF No. 490); (4) **DENIES** Mr. Watford's emergency motion for bail pending appeal, (5) **DISMISSES-as-MOOT** Mr. Watford's motion to compel, and (6) **DENIES** Mr. Watford's motion for a new revocation hearing (ECF No. 497).

### A.       The Defendant's Motion To Dismiss Is Untimely

As an initial matter, the Court must DENY Mr. Watford's motion to dismiss, because the motion is untimely and unsubstantiated. The Court held a violation on supervised release report hearing on May 14, 2024. ECF No. 462. Several months thereafter, Mr. Watford filed a *pro se* motion to dismiss, seeking to dismiss the petition on his supervised release on September 25, 2024. ECF No. 465. Given this, the motion is untimely.

The Court also observes that, while Mr. Watford argues in his motion that the violation petition at issue was improperly based upon conduct that occurred in 2015, and thus, the "alleged offense is time-barred," the conduct at issue in the petition clearly involves conduct that occurred in 2023. ECF No. 450. And so, the Court DENIES Mr. Watford's motion to dismiss (ECF No. 465).

### B.       The Defendant's Motion To Vacate Is Premature

The Court also DENIES Mr. Watford's § 2255 motion, because this motion is premature. It is well-established that, absent extraordinary circumstances, a district court is precluded from considering § 2255 motion while review of a defendant's direct appeal remains

pending. *See Bowen v. Johnston*, 306 U.S. 19, 26–27 (1939); *United States v. Gordon*, 634 F.2d 638, 638–39 (1st Cir. 1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970). In this regard, Courts have found extraordinary circumstances: (1) when a conflict exists between "state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions," *Bowen*, 306 U.S. at 27; (2) when the Government is unable to support critical factual representations it has made on the record, *see United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981); and/or (3) when ineffective assistance of counsel can only be placed by way of a § 2255 motion, because the ineffectiveness is discovered during the pendency of the appeal, after the time for the new trial has lapsed. *See United States v. Tindle*, 522 F.2d 689, 693 (D.C. Cir. 1975). In this case, Mr. Watford has not alleged any extraordinary circumstances warranting its review while his direct appeal is still pending, despite the opportunity to supplement his motion. ECF Nos. 492, 495. And so, the Court DENIES his § 2255 motion WITHOUT PREJUDICE.

### C. The Defendant's Petition For Writ Of Habeas Is Premature

Mr. Watford's petition for writ of habeas corpus must be DENIED for the same reason. The Fourth Circuit has recognized that a § 2244 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Here, Mr. Watford's petition clearly challenges the validity of his underlying sentence, because he argues in the petition that his detention violates his rights under the Maryland Constitution and the United States Constitution, and that his detention is "without proper legal justification." ECF No. 490. And so, the Court construes this motion as a motion brought pursuant to § 2244. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *Castro v. United States*, 540 U.S. 375, 381 (2003) (A court may recharacterize a *pro se* motion "to create a better correspondence between the substance of a *pro se* motion's claims and its underlying legal basis."). Again, this motion is premature, given Mr. Watford's appeals, and he has not shown any exceptional circumstances to warrant review at this time. And so, the Court DENIES Mr. Watford's petition for writ of habeas WITHOUT PREJUDICE.

### D. The Defendant Is Not Entitled To Bail Pending Appeal Or To The Amendment Of The PSR

The Court must also DENY Mr. Watford's motions seeking bail pending his appeals and to amendment the Presentence Report. In his emergency motion for bail pending appeal, Mr. Watford again argues that the violation for which the Court revoked his supervised release occurred in 2015. ECF No. 494 at 2. Pursuant to 18 U.S.C. § 3143(b), a defendant sentenced to imprisonment and who has filed an appeal "shall" be detained unless the Court finds:

> (C) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (D) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(B).

In this case, Mr. Watford's motion fails at the second prong of this test, because the motion does not raise a substantial question that likely to result in a new outcome. A careful review of the record for this case shows that the Government sufficiently established that Mr. Watford violated the conditions of his supervised release by engaging in new criminal conduct in 2023. ECF Nos. 467, 469. Notably, the evidence presented during the VOSR hearings established that Mr. Watford deliberately contacted Ms. Hogan via U.S. mail in 2023, to attempt to obtain money from her through fraudulent means, in violation of 18 U.S.C. § 1341. ECF Nos. 467, 469.

Given this, the Court is satisfied that the Government showed by a preponderance of the evidence that Mr. Watford engaged in conduct that constitutes a violation of the conditions of his supervision. *United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015). And so, the Court will DENY Mr. Watford's motion for bail pending review.

8

Because the Court determines that Mr. Watford has not satisfied the second prong of § 3143(b), the Court will also DISMISS-as-MOOT his related motion seeking to compel the Probation Office to update his Presentence Report with regards to his request for a bail review. ECF No. 498.

### E. The Defendant Is Not Entitled To A New Revocation Hearing

Lastly, Mr. Watford has filed a motion requesting a substitute judge and a new revocation hearing, pursuant to Federal Rule of Civil Procedure 63. ECF No. 497. But, the applicable criminal rule for this request, Fed. R. Crim. P. 25, does provide a basis for a successor judge to grant a new trial in this case. *See United States v. Colon-Munoz*, 318 F.3d 348, 355 (1st Cir. 2003) ("The second clause of Rule 25(b) providing that if the successor judge is satisfied that a judge who did not preside at the trial cannot perform those duties or that it is appropriate for any other reason, that judge may grant a new trial."). Notably, Rule 25 provides, in part:

> (b) After a Verdict or Finding of Guilty.
>
> > (1) In General. After a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability.
> >
> > (2) Granting a New Trial. The successor judge may grant a new trial if satisfied that:
> >
> > > (A) a judge other than the one who presided at the trial cannot perform the post-trial duties; or
> > > (B) a new trial is necessary for some other reason.

Fed. R. Crim. P. 25(b). The Court has carefully reviewed the litigation history and record in this case and finds no reason that the newly-assigned judge in this criminal matter cannot perform its post-trial duties. Mr. Watford also has not demonstrated that a new trial is otherwise necessary. And so, the Court DENIES his motion for a new revocation hearing.

### V. CONCLUSION

And so, for the foregoing reasons, the Court:

1. **DENIES** Mr. Watford's motion to dismiss (ECF No. 465);

9

2. **DENIES WITHOUT PREJUDICE** Mr. Watford's motion to vacate sentence (ECF No. 489);

3. **DENIES WITHOUT PREJUDICE** Mr. Watford's petition for writ of habeas corpus (ECF No. 490);

4. **DENIES** Mr. Watford's motion for bail pending review (ECF No. 494);

5. **DISMISS-as-MOOT** Mr. Watford's motion to compel Probation to amend his PSR (ECF No. 498); and

6. **DENIES** Mr. Watford's motion for a new revocation hearing (ECF No. 497).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
