IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH WAYNE WATFORD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Criminal Action No. 12-cr-623-3-LKG<br>)<br>)  April 7, 2025<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER ON
THE DEFENDANT'S POST-CONVICTION MOTIONS**

**I.    INTRODUCTION**

Defendant *pro se*, Kenneth Wayne Watford, has filed the following three post-conviction motions in the above-captioned criminal matter: (1) a motion to clarify restitution (ECF No. 415); a motion to return expunged records (ECF No. 417); and (3) a motion to release a copy of mental evaluation (ECF No. 435). The motion to clarify restitution is fully briefed. ECF Nos. 415, 420 and 421. No hearing is necessary to resolve these motions. *See* Local Rule 105.6. For the reasons that follow, the Court: (1) **DENIES** Mr. Watford's motion to clarify restitution (ECF No. 415); (2) **DENIES** Mr. Watford's motion to return expunged records (ECF No. 417); and (3) **DENIES** Mr. Watford's motion to release a copy of mental evaluation (ECF No. 435).

**II.   BACKGROUND AND PROCEDURAL HISTORY**

<u>Background</u>

In April 2015, the Defendant, Kenneth Wayne Watford, was convicted of one count of conspiracy to commit wire fraud, three counts of wire fraud, one count of attempted wire fraud, two counts of aggravated identity theft, one count of credit card fraud and attempted credit card fraud while on release, two counts of commission of aggravated identity theft while on release, and attempted credit card fraud, following a jury trial. ECF Nos. 227 and 265. The case involved an alleged fraud scheme, whereby Mr. Watford bought luxury vehicles using other peoples' credit. ECF No. 306 at ¶ 8.

1

The Presentence Report ("PSR") describes how the loss victim, Fleetcor LLC ("Fleetcor"), was defrauded by the Defendant of $14,254.54. ECF No. 306 at ¶ 17. The PSR's factual summary also lists Fleetcor as Mr. Watford's victim and provides the loss amount for Fleetcor in the restitution portion of the report. *Id.* at ¶¶ 19 and 94.

The Court held a sentencing hearing on October 15, 2015. ECF No. 262. At the conclusion of the sentencing hearing, the Court sentenced Mr. Watford to 135 months' imprisonment, to be followed by a five-year term of supervised release. ECF No. 265.

The Court's Judgment includes a Restitution Order in the amount of $14,254.54, and the Restitution Order directs Mr. Watford to make his restitution payments made payable to the Clerk of the U.S. District Court for the District of Maryland in Greenbelt, Maryland. ECF No. 265 at 7. The Court's Restitution Order also provides Mr. Watford's personally identifying information and the docket number for this case. *Id.*; *see also* ECF No. 266 at 4. The Restitution Order further provides that restitution payments shall be taken from Mr. Watford's prison wages while serving his sentence. ECF No. 265 at 8.

In addition, the accompanying sealed Statement of Reasons provides the name of the financial institution owed the $14,254.54, Fleetcor, LLC, and the address and the account identifier for Fleetcor. ECF No. 266 at 4. The Statement of Reasons has been filed under seal to preserve "the confidentiality of any information relating to a victim," pursuant to 18 U.S.C. § 3612(b)(1)(G). *Id.*[1]

---

[1] Mr. Watford's supervision commenced on December 30, 2022, upon his release from prison. *See* ECF No. 450. On December 13, 2023, the Probation Office for this District issued a Violation Report and filed a Petition on Supervised Release regarding Mr. Watford, alleging, in part, that Mr. Watford violated the condition of his supervised release requiring that he "shall not commit any federal, state or local crime." ECF No. 450. The Court held a violation on supervised release hearing on May 14, 2024. ECF No. 462. At the conclusion of the hearing, the Court found Mr. Watford guilty of violating Standard Condition #1 of his supervised release, because he violated the condition that he does not commit any federal, state, or local crime. ECF No. 467 at 44; ECF No. 463. During the subsequent sentencing hearing held on October 1 and 8, 2024, the Court sentenced Mr. Watford to 12 months imprisonment—a sentence that falls within the advisory Sentencing Guidelines range—to be followed by four years of supervised release. ECF No. 474; *see also* ECF No. 482.

2

<u>The State Court Order Of Expungement</u>

On October 15, 2019, the Circuit Court for Prince George's County, Maryland issued an "Order for Expungement of Police and Court Records" pertaining to Mr. Watford's arrest, detention, or confinement, on or about July 27, 2012, in Prince George's County, Maryland (the "State Expungement Order").  ECF No. 417-3.  The State Expungement Order orders the Clerk of the circuit court and certain custodians of the State court and police records to expunge these records and serve a certificate of compliance on Mr. Watford.  *Id.*

### III. STANDARDS OF DECISION

#### A. Restitution Orders

Title 18, United States Code, section 3664 provides the procedure for including restitution orders in criminal sentences.  18 U.S.C. § 3664.  In this regard, Section 3664 contemplates that the sentencing court will charge the probation officer who prepares the presentence report with collecting the relevant victim information and presenting this information to the Court and the defendant in the presentence report.  *Id*.

In addition, 18 U.S.C. § 3612(b) describes the information that must be included in a restitution order and provides as follows:

> (b) Information to be Included in Judgment; Judgment to be Transmitted to Attorney General.—
>
> (1) A judgment or order imposing, modifying, or remitting a fine or restitution order of more than $100 shall include—
>
>> (A) the name, social security account number, mailing address, and residence address of the defendant;
>>
>> (B) the docket number of the case;
>>
>> (C) the original amount of the fine or restitution order and the amount that is due and unpaid;
>>
>> (D) the schedule of payments (if other than immediate payment is permitted under section 3572(d));
>>
>> (E) a description of any modification or remission;
>>
>> (F) if other than immediate payment is permitted, a requirement that, until the fine or restitution order is paid in full, the defendant notify the Attorney General of any change in the mailing address or residence address of the defendant not later than thirty days after the change occurs; and

3

> (G) in the case of a restitution order, information sufficient to identify each victim to whom restitution is owed. It shall be the responsibility of each victim to notify the Attorney General, or the appropriate entity of the court, by means of a form to be provided by the Attorney General or the court, of any change in the victim's mailing address while restitution is still owed the victim. The confidentiality of any information relating to a victim shall be maintained.

18 U.S.C. § 3612(b).

### B.  Fed. R. Crim. P. 12.2

Federal Rule of Criminal Procedure 12.2 addresses notice of the insanity defense and mental examinations and provides, in relevant part that:

> (c) Mental Examination. . . .
>
> (2) *Disclosing Results and Reports of Capital Sentencing Examination*. The results and reports of any examination conducted solely under Rule 12.2(c)(1) after notice under Rule 12.2(b)(2) must be sealed and must not be disclosed to any attorney for the government or the defendant unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition.

Fed. R. Crim. P. 12.2.

### IV.  ANALYSIS

Mr. Watford has filed: (1) a motion to clarify restitution (ECF No. 415); a motion to return expunged records (ECF No. 417); and (3) a motion to release a copy of mental evaluation (ECF No. 435) in this criminal matter.  For the reasons that follow, the Court: (1) **DENIES** Mr. Watford's motion to clarify restitution (ECF No. 415); (2) **DENIES** Mr. Watford's motion to return expunged records (ECF No. 417); and (3) **DENIES** Mr. Watford's motion to release a copy of mental evaluation (ECF No. 435).

### A.  The Court Denies The Defendant's Motion To Return Expunged Records

As an initial matter, Mr. Watford has not shown that he is entitled to the relief requested in his motion to return expunged records.  In his motion to return expunged records, Mr. Watford requests that the Court order "the government to turn over all writings or records pertaining to the arrest, detention, or confinement of the defendant that took place on or about July 7, 2021 to the clerk forthwith." ECF No. 417 at 1.  To support this motion, Mr. Watford

4

relies upon the State Expungement Order and 28 U.S.C. § 1449.  *Id.* at 1-2.  But neither the State Expungement Order, nor Section 1449, require or authorize the Court to direct the Government to return the subject records to the Clerk of this Court.  *See* ECF No. 417-3 (Ordering the Clerk of the Circuit Court of Prince George's County, State Criminal Justice Information System, Prince George's County Sherriff's Department, Maryland State Police, Prince George's County Corrections, Prince George's County State's Attorney's Office, Prince George's County Director of Police Records, District Court of Maryland and Prince George's County Parole and Probation to expunge the Defendant's records) and 28 U.S.C. § 1449 (requiring the State Court to supply certain records to United States District Court).  Mr. Watford provides no other grounds for the Court to grant such relief.  ECF No. 417.  And so, the Court DENIES Mr. Watford's motion to expunge records (ECF No. 417).

### B. The Defendant's Restitution Order Satisfies The Statutory Requirements

The Court must also deny Mr. Watford's motion for clarification regarding his restitution payments, because the Court's Restitution Order satisfies the applicable law.  Notably, 18 U.S.C. § 3664 contemplates that the Court will charge the probation officer in this case with the task of collecting information about any victims and providing this information to the Court and Mr. Watford in the PSR.  A careful reading of the PSR shows that this process was followed in this case.  *See* ECF No. 306 at ¶¶ 17, 19 and 94 (identifying Fleetcor as a victim and the amount of loss as $14,254.54).

The Court's Restitution Order and Statement of Reasons also contain the information required under 18 U.S.C. § 3612(b).  Section 3612(b) requires that the Restitution Order include: (A) the name, social security account number, mailing address, and residence address of the defendant; (B) the docket number of the case; (C) the original amount of the fine or restitution order and the amount that is due and unpaid; (D) the schedule of payments (if other than immediate payment is permitted under section 3572(d)); (E) a description of any modification or remission; (F) if other than immediate payment is permitted, a requirement that, until the fine or restitution order is paid in full, the defendant notify the Attorney General of any change in the mailing address or residence address of the defendant not later than thirty days after the change occurs; and (G) in the case of a restitution order, information sufficient to identify each victim to whom restitution is owed.  18 U.S.C. § 3612(b).  This statute also requires that the confidentiality of any information relating to a victim shall be maintained.  *Id.*

5

Here, the Court's Restitution Order states that the Court imposes restitution in the amount of $14,254.54, made payable to the Clerk of the U.S. District Court for the District of Maryland sitting at Greenbelt. ECF No. 265 at 7. The Restitution Order and Statement of Reasons, which has been filed under seal to protect confidentiality, also provides Mr. Watford's name, address, social security number, date of birth, the docket number for the case and the amount of the restitution ordered by the Court. ECF Nos. 265 and 266 at 4.

Given this, the Court is satisfied that the Restitution Order satisfies the statutory requirements. And so, the Court also DENIES the Defendant's motion to clarify restitution (ECF No. 415).

### C. The Court Denies The Defendant's Motion To Release Mental Evaluation

As a final matter, Mr. Watford has not shown that he is entitled to receive the results of the mental evaluation conducted by the Ann Arundel Counseling, Inc., and the reason for ordering such an evaluation. ECF No. 435 at 1. Mr. Watford seeks this information pursuant to Fed. R. Crim. P. 12.2. *Id.* But he provides no explanation to show why he is entitled to receive this information under this Rule. *Id.* And so, the Court DENIES Mr. Watford's motion to release mental evaluation.

## V.   CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** Mr. Watford's motion to clarify restitution (ECF No. 415);

(2) **DENIES** Mr. Watford's motion to return expunged records (ECF No. 417); and

(3) **DENIES** Mr. Watford's motion to release a copy of mental evaluation (ECF No. 435).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge